[No. 26131. *En Banc.* August 6, 1936.]

THE STATE OF WASHINGTON, *Respondent,* v. CARL
LARSON *et al., Appellants.*[1]

*Adam Beeler,* for appellants.

*Warren G. Magnuson* and *Paul Coughlin,* for respondent.

TOLMAN, J.—Appellants Carl Larson and Andy Fox (with another) were by information charged with the crime of grand larceny, committed "by means of a trick, device, and bunco game.".

A trial to a jury resulted in verdicts, as to each, of guilty as charged. Judgment and sentence of each by the court followed, and both have appealed therefrom.

By the errors assigned, but three questions are raised. The first relates to the testimony of a police

[1]Reported in 59 P. (2d) 1119.

officer, introduced by the state in rebuttal, to the effect that the officer had seen appellant Fox at a time shortly prior to the date fixed in the information, at a designated place in the city of Seattle, and had warned him not to "play the town." The only objection interposed to the question, which brought forth the answer indicated, was that the time had not been definitely fixed. This objection was overruled, and properly so, because the time was fixed with reasonable and sufficient certainty. It is now argued that the state, having previously cross-examined Fox on this subject, was bound by his answers, and could not impeach him on a collateral issue. No such question was raised or presented below, and it cannot now be raised in this court.

The state called as a witness the third person named in the information, and he was permitted to testify, over objection, as to what was said and done by the three defendants throughout the transaction in which the money was charged to have been obtained and afterwards, up to and including a quarrel and fight over the division of the proceeds of the game.

The error assigned indicates a contention that the codefendant who testified on behalf of the state, being one of the conspirators, could not testify to acts done or things said after the conspiracy had terminated. The answer to this is twofold. First, this is not hearsay evidence of something said by a conspirator, but direct evidence of things occurring in the presence of the witness during the course of the conspiracy. Second, the conspiracy, as charged and as testified to, was to obtain money and to divide it among the conspirators. Therefore, all that occurred with reference to a division of the money came prior to the termination of the conspiracy.

■ The third assignment predicates error on the admission of evidence of a fight over the division of the money which was obtained from the victim. What has already been said is probably a sufficient answer, but, in addition, it may be suggested that perhaps the most important question for the jury to decide was whether the game in question was a fair game of chance or a bunco game. The fact that these three men who proposed the game fought over the division of the proceeds had a strong bearing on that question. If a fair game had been conducted, each player would naturally keep his own winnings, if any, without serious protest. A division by three players of money obtained from a fourth player carries an implication which no doubt the jury saw and which was reflected in the verdict.

We find no reversible error, and the judgment is affirmed.

ALL CONCUR.